01

02

03

04

05

06

07

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

08 MAUDO FOFANA,                          )   CASE NO.    C07-1749-JLR-MAT
                                           )                     (CR04-511-JLR)
09        Petitioner,                      )
                                           )
10        v.                               )
                                           )   REPORT AND RECOMMENDATION
11 NEIL CLARK,                             )
                                           )
12        Respondent.                      )
   _____ )

13

14                          INTRODUCTION

15        Petitioner, proceeding *pro se*, has filed a motion to vacate, set aside, or correct his

16 sentence pursuant to 28 U.S.C. § 2255.  (Dkt. No. 1).  In the motion, petitioner primarily

17 challenges the District Court's denial of his request to withdraw his guilty plea to a charge of fraud

18 related to immigration documents.  Respondent has filed a response to the motion.  (Dkt. No. 8).

19 Petitioner has not filed a reply.  Having reviewed the submissions of the parties, and the balance

20 of the record, the Court concludes that petitioner's § 2255 motion should be denied.

21                          BACKGROUND

22        Petitioner has previously filed two habeas petitions in this district challenging his detention

REPORT AND RECOMMENDATION
PAGE -1

01  pending his deportation.  *See* Case Nos. 05-1775-RSM and C06-924-JLR.  Both habeas petitions

02  were denied.  Petitioner has also filed one previous § 2255 motion which was dismissed as

03  premature.  *See* Case No. C06-869-JLR.  The following summary borrows liberally from a Report

04  and Recommendation issued on January 10, 2007 ("R&R") by United States Magistrate Judge

05  James P. Donohue.  (Dkt. No. 23 in Case No. C06-924-JLR).  Judge Donohue's R&R concerned

06  one of petitioner's previous habeas petitions, and provides a useful backdrop to the instant § 2255

07  motion.[1]

08       Petitioner is a native and citizen of Gambia.  On February 16, 2002, he entered the United

09  States at New York, New York using a Gambian passport under the name Muhammad Fofana.

10  The passport listed petitioner as a native and citizen of Gambia with a date of birth of August 10,

11  1970.  Petitioner was admitted to the United States as a B-2 non-immigrant visitor for pleasure.

12  On February 13, 2003, petitioner filed an application for asylum under the name Maudo Fofana.

13  Although petitioner was admitted as a B-2 visitor with a Gambian passport, he claimed that he was

14  a citizen of Sierra Leone, and was born on January 7, 1972.

15       On August 11, 2004, the U.S. Immigration and Customs Enforcement issued a Notice to

16  Appear, placing petitioner in removal proceedings and charging him with removal under Section

17  237(a)(1)(A) of the Immigration and Nationality Act, 8 U.S.C. § 1227(a)(1)(A), as an alien who

18  was inadmissable at the time of his admission for not having a valid immigration visa or other valid

19  entry document.  On November 18, 2004, petitioner was arrested and taken into custody by the

20

21       [1] Citations to the record from Judge Donohue's R&R have been omitted.  It appears that
the facts contained therein are uncontested.

22

REPORT AND RECOMMENDATION
PAGE -2

01 FBI, and charged with the crime of Fraud Related to Immigration Documents under 18 U.S.C. §

02 1546(a), for knowingly and falsely making an asylum application.

03      On July 11, 2005, petitioner appeared, with counsel, for a hearing before an immigration

04 judge ("IJ").  At the hearing, petitioner admitted that he had entered the United States as a B-2

05 visitor using a Gambian passport under the name of Muhammad Fofana, and that he had

06 subsequently submitted an application for asylum under the name Maudo Fofana, asserting that

07 he was a citizen of Sierra Leone.  On August 3, 2005, the IJ denied petitioner's application for

08 asylum, finding that petitioner knowingly submitted a frivolous asylum application using

09 counterfeit Sierra Leone identity documents, and ordering petitioner removed from the United

10 States to Gambia for failing to possess a valid immigration visa.

11      On August 25, 2005, petitioner appealed the IJ's order of removal to the Bureau of

12 Immigration Appeals ("BIA").  On January 8, 2006, the BIA dismissed petitioner's appeal of the

13 IJ's removal order.  Petitioner appealed the BIA's decision to the Ninth Circuit Court of Appeals.

14 On September 4, 2007, the Ninth Circuit denied petitioner's appeal.  *See Fofana v. Gonzales*,

15 Memorandum Disposition, Case No. 05-76724 (9th Cir. Sept. 4, 2007).  The government asserts

16 here that petitioner will likely be deported within the next few months.  (Dkt. No. 8 at 5, n.1).

17      On November 9, 2005, petitioner pled guilty to the crime of Fraud Related to Immigration

18 Documents in violation of 18 U.S.C. § 1546(a).  Petitioner was represented by Suzanne Elliott.

19 In the plea agreement, petitioner admitted to knowingly and falsely making an asylum application.

20 Petitioner was sentenced to 12 days of confinement, with credit for time served, and to two years

21

22

REPORT AND RECOMMENDATION
PAGE -3

01  of supervised release.[2]  (Dkt. No. 8, Excerpts of Record at 142-43).

02      Petitioner subsequently changed attorneys and filed a motion with new counsel, Kenneth

03  Kanev, to withdraw his guilty plea, asserting that he had not understood the meaning of the term

04  "supervised release" in the plea agreement.  (Dkt. No. 8, Excerpts of Record at 46).  Petitioner

05  had apparently thought that "the deal he was entering into . . . was credit for time served in

06  immigration custody and that he would be on 'supervised release,'" *i.e.*, released from custody,

07  immediately afterwards.  (*Id.* at 57-58).  Petitioner did not realize that once he was finished with

08  his criminal sentence, his immigration proceedings would still be ongoing and he could be held in

09  custody while they were pending.

10      On February 7, 2006, at a hearing on the motion to withdraw petitioner's guilty plea, the

11  Honorable James L. Robart characterized the question before him as whether "a misunderstanding

12  of an aspect of the law [constitutes] a fair and just reason to set aside a guilty plea?"  (*Id.* at 134).

13  Judge Robart answered the question in the negative, reasoning that "what we have before the

14  court is a situation where Mr. Fofana made an assumption about further developments in his

15  immigration proceeding and then took an action in his criminal proceeding, which was unrelated

16  to what was going to happen in immigration."  (*Id.* at 135).  Consequently, Judge Robart denied

17  petitioner's motion to withdraw his guilty plea.  (*Id.* at 137).

18      Petitioner appealed to the Ninth Circuit and was represented on appeal by Peggy Sue

19  Juergens.  On December 12, 2006, the Ninth Circuit affirmed Judge Robart's decision, holding

20  ────────────────

21      [2] Although petitioner's sentence has expired and, perhaps, so too has his term of
    supervised release, respondent has not argued that the instant § 2255 motion is moot.  Rather than
22  request further briefing on this question, in the interest of resolving this matter before petitioner
    is removed from the country, the Court addresses the merits of the motion.

REPORT AND RECOMMENDATION
PAGE -4

01  that the district court had no obligation to inform petitioner how his guilty plea might affect his

02  pending immigration proceedings.  *See United States v. Fofana*, Memorandum Disposition at 3,

03  Case No. 06-30196 (9th Cir. Dec. 12, 2006).

04          On October 30, 2007, petitioner filed the instant § 2255 motion.  (Dkt. No. 1).  On

05  December 3, 2007, he filed a motion for judicial notice which the Court construed as a motion to

06  supplement his original § 2255 motion.  (Dkt. No. 6).  So construed, the Court granted the

07  Motion.  (Dkt. No. 7).  On December 19, 2007, the government filed a response.  (Dkt. No. 8).

08  Petitioner has not filed a reply and the matter is ready for review.

09                                    GROUNDS FOR RELIEF

10          Petitioner lists the following grounds for relief in his § 2255 motion:[3]

11          [1.]  The Petitioner claims that the Appeal Counsel, Peggy Sue Juergens, was
    inefficient [sic] for failing to argue the merits of the entire Motion to Withdraw Plea,
12  rather than the Order on the Motion for withdrawal of the plea.

13          [2.]  The Petitioner believes that Ms Juergens was in error when she failed to
    include the challenge to the indictment and the inefficiency of counsel regarding Mr.
14  Kanev and Ms. Elliott, former counsels in the District Court.

15          [3.]  The Petitioner was prejudiced because the District Court ruled in the
    original 2255 that the entire claims should have been presented on appeal by the
16  appeal counsel.  That they were not means that the Petitioner was deemed to have
    waived the issue before the Court of Appeals and the Petitioner could not bring those
17  issues in this Court on the 2255 originally.

18          [4.] Petitioner claims that Ms. Juergens was inefficient for failing to argue that
    Mr. Kanev committed legal error when he failed to argue the merits of the
19  insufficiency of the indictment and the inefficiency of Ms. Elliott for failing to provide

20  _____

21          [3] Respondent summarizes and categorizes petitioner's claims in its response in a manner
    different than below.  (Dkt. No. 8 at 5-6).  However, rather than adopt respondent's  version of
    petitioner's claims, the Court merely repeats them here as they were presented in petitioner's
22  motion.

REPORT AND RECOMMENDATION
PAGE -5

01    the Petitioner with a sufficient warning about the consequences of the plea in that
      supervised release does not mean supervised release in the immigration sense.

02

03          [5.] Petitioner claims that Mr. Kanev was inefficient when he failed to argue
      the merits of the entire Motion to withdraw plea and only argued regarding the
      withdrawal of plea where thee [sic] were the other issues of the sufficiency of the

04    indictment and the inefficiency of Ms. Elliott.

05          [6.] Petitioner claims that Ms. Elliott was inefficient because she coerced the
      plea from the petitioner and because she failed to properly present the Petitioner's

06    case to the Court where the Petitioner is innocent of the charges and could not be
      convicted of the charges in the indictment without violating his due process rights.

07

08          [7.] Petitioner claims that the totality of the circumstances in this case compels
      any reasonable jurist to order a new trial in this matter.

09          [8.] Petitioner claims that he is innocent of the charges and was denied a fair
      hearing.

10

11    (Dkt. No. 1 at "B," 1).

12                                      DISCUSSION

13          Respondent argues at the outset that several of petitioner's grounds for relief are barred

14    because petitioner abandoned the claims during his direct appeal. (Dkt. No. 8 at 6). Specifically,

15    respondent contends that petitioner procedurally defaulted on his claim that his first trial counsel,

16    Suzanne Elliott was ineffective, his claim that his second counsel, Ken Kanev, was ineffective, and

17    his claim that the indictment was flawed. Therefore, respondent argues, the claims cannot be

18    raised here. As support, respondent relies upon *Massaro v. United States*, 123 S. Ct. 1690, 1693

19    (2003). (Dkt. No. 8 at 7).

20          Respondent's reliance on *Massaro* is misplaced. While the Court did discuss the general

21    rule that claims not presented on appeal may not later be brought via a § 2255 motion, the Court

22    in *Massaro* also stated that "in most cases a motion brought under § 2255 is *preferable* to direct

01  appeal for deciding claims of ineffective assistance." 123 S. Ct. at 1694 (emphasis added).  Thus,

02  the Supreme Court created an exception to the general rule of procedural default and permitted

03  claims of ineffective assistance to be brought via a § 2255 motion.  Accordingly, petitioner may

04  raise his claims regarding ineffective assistance of counsel here.

05         To the extent that his § 2255 motion may be read to raise other issues – such as a flawed

06  indictment – that were not raised in his direct appeal, respondent is correct that petitioner is barred

07  from doing so.  The general rule of procedural bar also operates to preclude consideration here

08  of petitioner's final two grounds for relief, listed above as #7 and #8.  Petitioner did not present

09  these claims to the Ninth Circuit in his direct appeal and he may not do so here, absent a showing

10  of either "cause and prejudice" or "actual innocence."  *See Bousley v. United States*, 523 U.S.

11  614, 622 (1998).  Petitioner has not argued, much less shown, that he qualifies for either

12  exception.  Accordingly, petitioner's seventh and eighth grounds for relief should be denied.

13         The balance of petitioner's grounds for relief are all based upon a theory of ineffective

14  assistance of counsel.  Petitioner essentially contends that his first counsel, Suzanne Elliott, failed

15  to adequately inform him of the meaning of the term "supervised release," during plea

16  negotiations, and that this failure fell outside the range of competent assistance under the Sixth

17  Amendment.  Petitioner also argues that his second trial counsel, Ken Kanev, and his appellate

18  counsel, Peggy Sue Juergens, failed to recognize Ms. Elliott's error and therefore failed to argue

19  that she had been ineffective.  This subsequent error, according to petitioner, rendered both Mr.

20  Kanev and Ms. Juergens ineffective.  After stating the relevant standard of review, the Court will

21  address petitioner's claims.

22         Claims of ineffectiveness of counsel are reviewed according to the standard announced in

REPORT AND RECOMMENDATION
PAGE -7

01  *Strickland v. Washington*, 466 U.S. 668, 687-90 (1984)." *Turner v. Calderon*, 281 F.3d 851, 872

02  (9th Cir. 2002).   In order to prevail, petitioner must establish two elements.   First, he must

03  establish that counsel's performance was deficient, *i.e.*, that it fell below an "objective standard

04  of reasonableness" under "prevailing professional norms." *Strickland*, 466 U.S. at 687-88 (1984).

05  "Judicial scrutiny of counsel's performance must be *highly deferential*," and there is a "strong

06  presumption that counsel's conduct falls within the wide range of reasonable professional

07  assistance." *Strickland*, 466 U.S. at 689 (emphasis added).

08        Second, petitioner must establish that he was prejudiced by counsel's deficient

09  performance, *i.e.*, that "there is a reasonable probability that, but for counsel's unprofessional

10  errors, the result of the proceeding would have been different." *Strickland*, 466 U.S. at 694.   In

11  the context of a guilty plea, the test is whether "there is a reasonable probability that, but for

12  counsel's errors, [defendant] would not have pleaded guilty and would have insisted on going to

13  trial." *Hill v. Lockhart*, 474 U.S. 52, 59 (1985).   In the realm of appellate counsel, the Supreme

14  Court has held that such counsel has no constitutional obligation to raise every issue requested by

15  the defendant. *Jones v. Barnes*, 463 U.S. 745, 751-54 (1983).   "A failure to raise untenable issues

16  on appeal does not fall below the *Strickland* standard." *Turner*, 281 F.3d at 872.

17        Petitioner asserts that his first counsel, Ms. Elliott, never discussed or explained the term

18  "supervised release" to him, and that he thought the term meant that he would be released from

19  custody if he pled guilty.[4]   Ms. Elliott concedes, in a declaration submitted by petitioner, that she

20  _____

21        [4] However, the Court notes that during the hearing on petitioner's motion to withdraw his
      guilty plea, petitioner admitted that nobody told him that he would be released from immigration
22    custody if he pled guilty.   (Dkt. No. 8, Excerpts of Record at 105).

REPORT AND RECOMMENDATION
PAGE -8

01 did not discuss the meaning of "supervised release" with petitioner.  However, she explains that

02 she did not do so "because I did not think it was relevant to his plea or sentencing.  It was my

03 assumption that he would be ordered deported/excluded by BICE after he served his imprisonment

04 in light of the findings entered by the immigration judge at his asylum hearing.  Thus, if supervised

05 release was imposed at sentencing, there would not be a period of time that Mr. Fofana would be

06 under court supervision because he would continue to be held in immigration custody until his

07 eventual deportation."  (Dkt. No. 6, Declaration of Suzanne Elliott).  Indeed, it appears that Ms.

08 Elliott's prediction is exactly what transpired in this case.

09       Upon review of the record, it is clear that petitioner's first counsel, Ms. Elliott, was not

10 ineffective under the *Strickland* standard.  While it is regrettable that petitioner did not understand

11 that his plea agreement had no effect upon immigration officials' authority to detain him, it was

12 reasonable for Ms. Elliott to presume that petitioner would not have rejected the plea agreement

13 and gone to trial had he been so informed.  As the record reveals, the evidence that petitioner had

14 used falsified documents in his asylum hearing was strong, and this evidence made a conviction

15 on the pending criminal charge likely.  (Dkt. No. 8, Supplemental Excerpts of Record at 55-61).

16 Petitioner faced a potential sentence of ten years' imprisonment under 18 U.S.C. § 1546(a) if

17 convicted, and thus an offer of twelve days if he pleaded guilty would have seemed very attractive.

18 Given these circumstances, and *Strickland's* highly deferential standard of review, petitioner has

19 not made a sufficient showing that Ms. Elliott was ineffective.  Accordingly, petitioner's claim

20 regarding her representation should be denied.

21       Having concluded that petitioner has not met his burden of showing that Ms. Elliott was

22 ineffective, it follows that petitioner's claim that his second trial counsel, Mr. Kanev, and his

REPORT AND RECOMMENDATION
PAGE -9

01 appellate counsel, Ms. Juergens, were both ineffective for failing to argue that Ms. Elliott was

02 ineffective, is without merit and should also be denied.  Petitioner's remaining claims concern

03 miscellaneous issues and are briefly addressed below.

04        Petitioner claims in ground for relief #1 that his appellate counsel was ineffective "for

05 failing to argue the merits of the entire Motion to Withdraw Plea." (Dkt. No. 1 at "B").  However,

06 counsel did argue that the motion to withdraw the plea should have been granted, and the Ninth

07 Circuit rejected this argument.  *See United States v. Fofana*, Memorandum Disposition at 3, Case

08 No. 06-30196 (9th Cir. Dec. 12, 2006).  Petitioner further claims in ground for relief #2 that

09 appellate counsel was ineffective for failing to argue that the indictment in his case was flawed.

10 The basis for this claim is petitioner's belief that the statute under which he was charged, 18

11 U.S.C. § 1546(a), which criminalizes the use of fraudulent immigration documents, does not apply

12 to the filing of false documents as part of an asylum application.  (Dkt. No. 1 at 18).  This

13 argument defies common sense and lacks any legal support.  Therefore, it should be denied, as

14 should petitioner's similar claim in ground for relief #5 that Mr. Kanev was ineffective for failing

15 to raise the same issue.

16        Finally, petitioner argues that he was somehow prejudiced by the District Court's dismissal

17 of his earlier attempt to file a § 2255 motion, and the Court's refusal to reopen that case.  (Dkt.

18 Nos. 11 and 29 in Case No. C06-869-JLR).  However, the earlier dismissal was "without

19 prejudice" and petitioner has been able to present all his previous claims, and several additional

20 ones, through the instant §2255 motion.  Thus, petitioner has not shown any prejudice due to the

21 dismissal of his prior § 2255 motion.

22 / / /

REPORT AND RECOMMENDATION
PAGE -10

01

<u>CONCLUSION</u>

02       For the foregoing reasons, the Court recommends that petitioner's § 2255 motion be

03   denied and this action be dismissed.   A proposed Order accompanies this Report and

04   Recommendation.

05       DATED this <u>29th</u> day of January, 2008.

06

07                                                 Mary Alice Theiler
                                                   United States Magistrate Judge

08

09

10

11

12

13

14

15

16

17

18

19

20

21

22

REPORT AND RECOMMENDATION
PAGE -11